UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES - GENERAL

| Case No. | CV 22-6631 PA (ASx) | Date | October 4, 2022 |
|---|---|---|---|
| Title | Juan David Arreola Carrillo v. KPS Global LLC | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS – COURT ORDER

On September 15, 2022, defendant KPS Global LLC ("Defendant") filed a Notice of Removal alleging that this Court possesses diversity jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).  On September 19, 2022, the Court ordered Defendant to show cause why the case should not be remanded for lack of subject matter jurisdiction as a result of Defendant's potential failure to satisfy its burden to plausibly allege that the amount in controversy exceeded CAFA's jurisdictional minimum.  The Court has reviewed Defendant's Response to the Order to Show Cause and the Declaration submitted by Defendant's counsel in support of its Response.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by Congress and the Constitution.  Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994).  A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction.  Id. § 1447(c).  "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction."  Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

Federal subject matter jurisdiction may be based on diversity of citizenship pursuant to CAFA.  See 28 U.S.C. § 1332(d)(2).  The party seeking federal subject matter jurisdiction under CAFA must show that at least one plaintiff and one defendant are citizens of different states, and the aggregate amount in controversy exceeds $5,000,000 exclusive of interests and costs.  Id.  "[T]he burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction."  Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 685 (9th Cir. 2006) (per curiam).  "The notice of removal 'need include only a plausible allegation that the amount

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-6631 PA (ASx) | Date | October 4, 2022 |
|---|---|---|---|
| Title | Juan David Arreola Carrillo v. KPS Global LLC | | |

in controversy exceeds the jurisdictional threshold,' and need not contain evidentiary submissions." Fritsch v. Swift Transp. Co. of Ariz., LLC, 899 F.3d 785, 788 (9th Cir. 2018) (quoting Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 82 (2014)). However, "[i]f the amount in controversy is not clear from the face of the complaint, 'the defendant seeking removal bears the burden to show by a preponderance of the evidence that the aggregate amount in controversy exceeds $5 million when federal jurisdiction is challenged.'" Id. at 788-89 (quoting Ibarra v. Manheim Invs., Inc., 775 F.3d 1193, 1197 (9th Cir. 2015)). "Along with the complaint, [courts] consider allegations in the removal petition, as well as 'summary-judgment-type-evidence related to the amount in controversy at the time of removal.'" Id. at 793 (quoting Kroske v. U.S. Bank Corp., 432 F.3d 976, 980 (9th Cir. 2005)). "Under this system, a defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." Ibarra, 775 F.3d at 1197. "[A] damages assessment may require a chain of reasoning that includes assumptions," but "those assumptions cannot be pulled from thin air" and "need some reasonable ground underlying them." Id. at 1199.

In its Response to the Order to Show Cause, as it did in the Notice of Removal, Defendant relies on allegations in the Complaint that Defendant failed to provide "Plaintiff and other non-exempt employees with all legally compliant meal periods," and that Defendant "failed to authorize and permit Plaintiff and members of the [Putative] Rest Period Class to take all lawful rest periods to which they were legally entitled" to support a violation rate of 100%. The language Defendant relies on in the Complaint, however, does not support Defendant's assumption that the Complaint seeks damages based on a theory that Defendant did not provide compliant meal and rest period on every day for every employee. Instead, alleging that Defendant failed to provide "all" lawful rest and meal periods, could mean that Defendant failed to provide one such period once a day, once a week, once a month, or once a year. Neither in the Notice of Removal nor in the Response to the Order to Show Cause does Defendant provide any facts to support Defendant's assumption of a daily violation for each employee. Even Defendant's alternative argument in its Response to the Order to Show Cause, that a 50% violation rate might barely exceed CAFA's $5 million amount in controversy requirement, is not supported by any evidence or other logical reason to assume that violation rate.

Defendant's argument in favor of assuming a 100% violation rate also relies on non-binding precedent from other district courts that predates the Supreme Court's decision in Dart and the Ninth Circuit's opinions in Fritsch and Ibarra. Instead, Defendant, despite being given a second opportunity to support its allegations concerning the amount in controversy with something more than the speculation and conjecture provided in its Notice of Removal, again provides no rational or reasonable basis for its assumptions of either a 100% or 50% violation rate.

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 22-6631 PA (ASx) | Date | October 4, 2022 |
|---|---|---|---|
| Title | Juan David Arreola Carrillo v. KPS Global LLC | | |

    Upon review of the pleadings and evidence submitted, Defendant offers no reason "grounded in real evidence" as to why these violation rates for Plaintiff's claims are appropriate. See Ibarra, 775 F.3d at 1197, 1199 (stating that "a defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions," and that "those assumptions cannot be pulled from thin air" and "need some reasonable ground underlying them"); see also Akana v. Estee Lauder, Inc., No. LA CV19-00806 JAK (PLAx), 2019 WL 2225231, at *6 (C.D. Cal. May 23, 2019) ("[S]ome factual basis is required once the amount in controversy has been contested. As in Ibarra, Defendants 'relied on an assumption about the rate of its alleged labor law violations that was not grounded in real evidence,' despite having the burden of proof as to the amount in controversy."); Weston v. Helmerich & Payne Int'l Drilling Co., No. 1:13-cv-01092-LJO-JLT, 2013 WL 5274283, at *6 (E.D. Cal. Sept. 17, 2013) ("Defendant is not obligated to prove Plaintiff's case . . . [but] there are methods of determining a reasoned basis for the calculations such as random sampling and . . . using actual numbers . . . or, at a minimum, explaining why Defendant's methodology and assumptions make sense.").

    Defendant provides no evidence, outside of the allegations of the Complaint that don't support any specific violation rate — let alone violation rates of all or half the days worked by each and every employee — to support the assumed violation rates. Indeed, Defendant's alternative argument in its Response to the Order to Show Cause, where it replaces a 100% violation rate with a 50% violation rate, also without any evidentiary support, further reveals the speculative nature of Defendants' argument. See Koreisz v. On Q Fin'l Inc., No. CV 18-8662-MWF (SSx), 2018 WL 6567694, at *3 (C.D. Cal. Dec. 12, 2018) ("Perhaps as a tacit acknowledgment that using 100% would not be reasonable [given a 'pattern and practice' allegation,] On Q Financial assumes a 50% violation rate. But neither of Ms. Spertina's declarations nor On Q Financial's Opposition offers any reason 'grounded in real evidence' as to why a 50% violation rate is appropriate."). Without any support grounding a 100% violation rate or a 50% violation rate, Defendant fails to show by a preponderance of the evidence that the aggregate amount in controversy exceeds $5 million.

    For all of these reasons, Defendant has failed to satisfy its burden of showing, by a preponderance of the evidence, that the amount in controversy exceeds $5,000,000 as required for subject matter jurisdiction under CAFA. This action is hereby remanded to the Superior Court of California, County of Los Angeles, Case No. 22STCV19527, for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

    IT IS SO ORDERED.